UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROSE WOOD RANDOLPH,

                 Plaintiff,

v.                                          Case No.  3:08-cv-204-J-33JRK

9-1-19 COMPANY,

                 Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant's Motion to Dismiss Count II (Doc. # 5), filed on March 25, 2008. On April 8, 2008, Plaintiff filed a response in opposition (Doc. # 7). For the reasons stated below, the motion is due to be granted.

**I. STANDARD OF REVIEW**

In deciding a motion to dismiss, the Court "accept[s] the facts of the complaint as true and view[s] them in the light most favorable to the non-moving party." See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).

"The allegations of a complaint . . . must be read in a liberal fashion." Faulk v. City of Orlando, 731 F.2d 737, 789-90 (11th Cir. 1984). The complaint must contain inferential allegations from which the defendant can derive "each of the material elements necessary to sustain a recovery under some viable

theory." Roe v. Aware Woman Ctr. For Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001). If a plaintiff fails to state a claim upon which relief can be granted, the claim can be dismissed. Public Citizen, Inc. v. Miller, 992 F.2d 1548 (11th Cir. 1993).

## II. BACKGROUND

Randolph, a citizen of Florida, brought this suit against 9-1-19 Company ("9-1-19"), a debt collection corporation, alleging that 9-1-19 harassed her in a telephone conversation which occurred on April 11, 2007. (Doc. # 1 at ¶¶ 8-11). Randolph alleges that, in the telephone conversation, an employee of 9-1-19 informed her that she was being charged with a fraud and with a felony for failing to pay her debt and would be arrested if she did not pay the debt immediately. (Doc. # 1 at ¶ 11). Randolph alleges the threats of arrest and prosecution were false and not legally possible. (Doc. # 1 at ¶ 17). Randolph further alleges the threats of arrest and prosecution caused her mental anguish, severe emotional distress, nausea, and embarrassment. (Doc. # 1 at ¶ 16). Randolph contends that her husband took her to a hospital as a result of her severe distress following the telephone conversation. (Doc. # 1 at ¶ 13). Randolph alleges a physician treated her, and she remained hospitalized until her blood pressure returned to a normal range.(Doc. # 1 at ¶ 14).

Accordingly, on February 26, 2008, Randolph filed her Complaint alleging violations of the Federal Fair Debt Collection

Practices Act (Count I), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")(Count II), and the Florida Consumer Collection Practices Act (Count III) to recover personal injury damages and attorney's fees. (Doc. # 1 at ¶¶ 23, 30, 35). On March 25, 9-1-19 filed both an answer denying all counts (Doc. # 4) as well as a motion to dismiss the FDUTPA claim (Count II) for failing to state a cause of action. (Doc. # 5 at 1).

### III. **PERSONAL INJURY DAMAGES ARE NOT RECOVERABLE UNDER FDUTPA**

9-1-19 argues that the FDUTPA claim should be dismissed because Randolph failed to specify her exact monetary damages and failed to identify a causal link between the actions of 9-1-19 and the injuries that Randolph allegedly suffered. (Doc. # 5 at 1-2). Randolph responds, specifically identifying the damages as the medical expenses incurred as a result of her personal injuries. (Doc. # 7 at 2). The Court declines to address either the specificity of Randolph's FDUTPA claim or the causal link and, instead, grants the motion to dismiss on alternative grounds.

The Florida Legislature enacted the FDUTPA to protect against any "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1); see also Bavaro Palace, S.A. v. Vacation Tours, Inc., 203 Fed. App'x 252, 256 (11th Cir. 2006). The FDUTPA allows "any action [for actual damages] brought by a person who has suffered a loss as a result of a

violation of FDUTPA." Fla. Stat. § 501.211(2). However, the FDUTPA specifically precludes a plaintiff from bringing "[a] claim for personal injury or death." Fla. Stat. § 501.212(3)(2006); see also, Hinson Elec. Contracting Co. Inc. v. Bellsouth, 3:07-cv-589-J-32MCR, 2008 U.S. Dist. LEXIS 9464 at n.2 (M.D. Fla. Feb. 8, 2008)(explaining that § 501.212(3) "expressly excluded from FDUTPA 'a claim for personal injury or death or a claim for damage to property other than the property that is the subject of the consumer transaction.'"); Williams v. Edeleman, 408 F. Supp. 2d 1261, 1272 (S.D. Fla. 2005)(recognizing that FDUTPA does not permit claims for personal injury); T.W.M. v. Am. Med. Sys., Inc., 886 F.Supp. 842, 844 (N.D. Fla. 1995)(dismissing FDUTPA claim where the plaintiff sought to recover for mental anguish and medical expenses because FDUTPA specifically excludes personal injury damages).

Randolph seeks to recover for her emotional distress and hospital fees, which are personal injuries. Comm'r v. Schleier, 515 U.S. 323, 329 (1995)(explaining that medical expenses for physical injuries and compensation for pain and suffering are "damages on account of personal injuries"). Because personal injuries are specifically excluded from the FDUTPA under a plain reading of the statute, Fla. Stat. § 501.212(3), Count II must be dismissed.[1]

---

[1] Randolph's contention that the "statutory intent" of §501.212(3) does not "generally" preclude recovery of personal injury damages under the FDUTPA is unavailing. (Doc. # 7 at 3). Randolph has cited no controlling case law nor any persuasive sources to bolster this sweeping claim.

4

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Defendant's Motion to Dismiss Count II (Doc. # 5) is **GRANTED**. Count II of Plaintiff's Complaint (Doc. # 1) is dismissed without prejudice.

(2) Should Plaintiff desire to file an amended complaint, such amended complaint must be filed within **TEN (10) DAYS** of the date of this Order.

**DONE** and **ORDERED** in chambers in Jacksonville, Florida, this 7th day of June, 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

copies to:

All Counsel of Record